UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STRATAS SHELTON,

      Petitioner,

v.                                          Case No. 3:17-cv-1245-J-34MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

      Respondents.

## ORDER

### I. Status

Petitioner Stratas Shelton, an inmate of the Florida penal system, initiated this action on October 31, 2017,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1). In the Petition, Shelton challenges a 2014 state court (Putnam County, Florida) judgment of conviction for attempted second-degree murder. Shelton raises five grounds for relief. See Petition at 5-22.[2] Respondents have submitted an answer in opposition to the Petition. See Response to Petition (Response; Doc. 12) with exhibits (Resp. Ex.). Shelton filed a brief in reply. See Petitioner's Reply to Respondent's Response (Reply; Doc. 18). This case is ripe for review.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

## II. Relevant Procedural History

On March 17, 2014, the State of Florida charged Shelton by way of amended Information with aggravated battery (count one) and attempted first-degree murder (count two). Resp. Ex. 3. Shelton proceeded to a trial, at the conclusion of which a jury found him guilty as charged as to count one and guilty of the lesser offense of attempted second-degree murder as to count two. Resp. Ex. 17. On May 5, 2014, the circuit court adjudicated Shelton to be a habitual felony offender and prison releasee reoffender and sentenced him to a term of incarceration of thirty years in prison, with a fifteen-year minimum mandatory, as to count two. Resp. Ex. 18. The circuit court ordered the sentence imposed as to count two to run concurrently with any active sentence being served. Id. The circuit court vacated the conviction as to count one on double jeopardy grounds. Resp. Ex. 19 at 11-12.

Shelton appealed his conviction and sentence to Florida's Fifth District Court of Appeal (Fifth DCA). Resp. Ex. 20. Shelton's appellate counsel filed an Anders[3] brief. Resp. Ex. 21. The State did not file an answer brief. Resp. Ex. 22. On June 2, 2015, the Fifth DCA affirmed per curiam Shelton's conviction and sentence without a written opinion. Resp. Ex. 23. Shelton filed a motion for rehearing, Resp. Ex. 24, with the Fifth DCA, Resp. Ex. 25. On August 26, 2015, the Fifth DCA issued the Mandate. Resp. Ex. 26.

On July 8, 2014, Shelton filed a pro se motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), in which he alleged the circuit court illegally sentenced him to consecutive fifteen-year terms of incarceration for a single

---

[3] Anders v. California, 386 U.S. 738 (1967).

offense. Resp. Ex. 27. On December 5, 2014, the circuit court denied relief on the motion. Resp. Ex. 29.

On April 11, 2016, Shelton filed a petition for writ of habeas corpus with the Fifth DCA. Resp. Ex. 30. In the petition, Shelton alleged that his appellate counsel was deficient for failing to argue on direct appeal that the circuit court lacked subject matter jurisdiction to hold trial and sentence him while Shelton had a pending appeal of the denial of a motion to dismiss. Id. On June 27, 2016, the Fifth DCA denied the petition. Resp. Ex. 33.

Shelton next filed a pro se motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on July 27, 2016; Resp. Ex. 35, and an amended motion for postconviction relief (Amended Rule 3.850 Motion), Resp. Ex. 36. In the Amended Rule 3.850 Motion, Shelton alleged his counsel was deficient for failing to:  (1) move for a judgment of acquittal; (2) file a motion to suppress; (3) subpoena a witness; and (4) file a motion to suppress. Id. Shelton also raised a claim of cumulative error. Id. On November 15, 2016, the circuit court denied relief on the Amended Rule 3.850 Motion. Resp. Ex. 38. On March 21, 2017, the Fifth DCA affirmed per curiam the denial of relief without issuing a written opinion. Resp. Ex. 40. Shelton filed a motion for rehearing. Resp. Ex. 41. On May 19, 2017, the Fifth DCA denied the motion for rehearing, Resp. Ex. 42, and on June 7, 2017, it issued the Mandate, Resp. Ex. 43.

### III. One-Year Limitations Period

This action was timely filed within the one-year limitations period. See 28 U.S.C. § 2244(d).

### IV. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007); Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318-19 (11th Cir. 2016), cert. denied, 137 S. Ct. 2245 (2017). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro, 550 U.S. at 474. The pertinent facts of this case are fully developed in the record before the Court. Because the Court can "adequately assess [Shelton's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

### V. Governing Legal Principles

#### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal petition for habeas corpus. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S. Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011) (quotation marks omitted)). As such, federal habeas review of final state court

decisions is "'greatly circumscribed' and 'highly deferential.'" Id. (quoting Hill v. Humphrey, 662 F.3d 1335, 1343 (11th Cir. 2011) (quotation marks omitted)).

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the claim on the merits. See Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016). The state court need not issue a written opinion explaining its rationale in order for the state court's decision to qualify as an adjudication on the merits. See Harrington v. Richter, 562 U.S. 86, 100 (2011). Where the state court's adjudication on the merits is unaccompanied by an explanation, the United States Supreme Court has instructed:

> [T]he federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.

Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018). The presumption may be rebutted by showing that the higher state court's adjudication most likely relied on different grounds than the lower state court's reasoned decision, such as persuasive alternative grounds that were briefed or argued to the higher court or obvious in the record it reviewed. Id. at 1192, 1196.

If the claim was "adjudicated on the merits" in state court, § 2254(d) bars relitigation of the claim unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Richter, 562 U.S. at 97-98. The Eleventh Circuit describes the limited scope of federal review pursuant to § 2254 as follows:

5

> First, § 2254(d)(1) provides for federal review for claims of state courts' erroneous legal conclusions. As explained by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000), § 2254(d)(1) consists of two distinct clauses: a "contrary to" clause and an "unreasonable application" clause. The "contrary to" clause allows for relief only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413, 120 S. Ct. at 1523 (plurality opinion). The "unreasonable application" clause allows for relief only "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.
>
> Second, § 2254(d)(2) provides for federal review for claims of state courts' erroneous factual determinations. Section 2254(d)(2) allows federal courts to grant relief only if the state court's denial of the petitioner's claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has not yet defined § 2254(d)(2)'s "precise relationship" to § 2254(e)(1), which imposes a burden on the petitioner to rebut the state court's factual findings "by clear and convincing evidence." See Burt v. Titlow, 571 U.S. ---, ---, 134 S. Ct. 10, 15, 187 L.Ed.2d 348 (2013); accord Brumfield v. Cain, 576 U.S. ---, ---, 135 S. Ct. 2269, 2282, 192 L.Ed.2d 356 (2015). Whatever that "precise relationship" may be, "'a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'"[4] Titlow, 571 U.S. at ---, 134 S. Ct. at 15 (quoting Wood v. Allen, 558 U.S. 290, 301, 130 S. Ct. 841, 849, 175 L.Ed.2d 738 (2010)).

Tharpe v. Warden, 834 F.3d 1323, 1337 (11th Cir. 2016), cert. denied, 137 S. Ct. 2298 (2017). Also, deferential review under § 2254(d) generally is limited to the record that was

---

[4] The Eleventh Circuit has described the interaction between § 2254(d)(2) and § 2254(e)(1) as "somewhat murky." Clark v. Att'y Gen., Fla., 821 F.3d 1270, 1286 n.3 (11th Cir. 2016), cert. denied, 137 S. Ct. 1103 (2017).

6

before the state court that adjudicated the claim on the merits. See Cullen v. Pinholster, 563 U.S. 170, 182 (2011) (stating the language in § 2254(d)(1) "requires an examination of the state-court decision at the time it was made").

Thus, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 134 S. Ct. 10, 16 (2013). "Federal courts may grant habeas relief only when a state court blundered in a manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fairminded jurists could disagree.'" Tharpe, 834 F.3d at 1338 (quoting Richter, 562 U.S. at 102-03). This standard is "meant to be" a "difficult" one to meet. Richter, 562 U.S. at 102. Thus, to the extent that the petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under 28 U.S.C. § 2254(d).

### B. Ineffective Assistance of Trial Counsel

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003), and Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [Strickland,] 466 U.S. at 688, 104 S. Ct. 2052.  A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Id., at 689, 104 S. Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the

7

> 'counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687, 104 S. Ct. 2052.
>
> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694, 104 S. Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id., at 693, 104 S. Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., at 687, 104 S. Ct. 2052.

Richter, 562 U.S. at 104. The Eleventh Circuit has recognized "the absence of any iron-clad rule requiring a court to tackle one prong of the Strickland test before the other." Ward, 592 F.3d at 1163. Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Id. (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)). As stated in Strickland: "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

A state court's adjudication of an ineffectiveness claim is accorded great deference.

> "[T]he standard for judging counsel's representation is a most deferential one." Richter, - U.S. at -, 131 S. Ct. at 788. But "[e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." Id. (citations and quotation marks omitted). "The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable -

8

> a substantially higher threshold." Knowles v. Mirzayance, 556 U.S. 111, 123, 129 S. Ct. 1411, 1420, 173 L.Ed.2d 251 (2009) (quotation marks omitted). If there is "any reasonable argument that counsel satisfied Strickland's deferential standard," then a federal court may not disturb a state-court decision denying the claim. Richter, - U.S. at -, 131 S. Ct. at 788.

Hittson v. GDCP Warden, 759 F.3d 1210, 1248 (11th Cir. 2014); Knowles v. Mirzayance, 556 U.S. 111, 123 (2009). In other words, "[i]n addition to the deference to counsel's performance mandated by Strickland, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision." Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004). As such, "[s]urmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371 (2010).

## VI. Findings of Fact and Conclusions of Law

### A. Ground One

In Ground One, Shelton raises four separate sub-claims alleging various deficiencies on the part of his trial counsel. The Court will address each sub-claim below.

### Sub-Claim One A

Shelton contends that his trial counsel, Jessica Deaton,[5] was deficient because "she failed to object and motion the Court for a judgment of acquittal when the Trial Court fundamentally erred in giving the standard jury instruction on attempted voluntary manslaughter by act, which required the jury to find that Petitioner intentionally attempted

---

[5] The record reflects that throughout much of the state court proceedings Shelton represented himself, including during the State's case in chief at trial. However, once the State rested, Shelton elected to have his then standby counsel, Deaton, represent him throughout the remainder of the trial, including during the charge conference. Resp. Exs. 8 at 25; Resp. Ex. 15 at 11-12, 180.

to kill the victim . . . ." Petition at 5. Shelton asserts that the intent to kill is not an element of voluntary manslaughter by act. Id. According to Shelton, counsel's error deprived the jury of an opportunity to exercise its "pardon power." Id. at 8.

Shelton raised a substantially similar claim in his Amended Rule 3.850 Motion. Resp. Ex. 36 at 11-16. The circuit court denied this claim, stating:

> Here the Court agrees that Trial Counsel Deaton clearly did not fall below the standard of reasonably competent performance when she did not object to the inclusion of attempted manslaughter by act in the jury instructions. Attempted manslaughter by act is a category one lesser included which falls within [the] mandatory category. If the Court did not include a category one lesser included, it would be reversible error. Trial Counsel Deaton would have no basis to object. Additionally, the Defendant was found guilty of Attempted Second Degree Murder. Neither Prong of Strickland has been met here. Ground One is denied.

Resp. Ex. 38 at 3 (record citations omitted). The Fifth DCA affirmed the denial of relief without issuing a written opinion. Resp. Exs. 40; 43.

To the extent that the Fifth DCA decided the claim on the merits,[6] the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Shelton is not entitled to relief on the basis of this claim.

---

[6] Throughout this order, in looking through the appellate court's per curiam affirmance to the circuit court's "relevant rationale," the Court presumes that the appellate court "adopted the same reasoning." Wilson, 138 S. Ct. at 1194.

Nevertheless, even if the state appellate court's adjudication of this claim is not entitled to deference, the claim is without merit. Underlying Shelton's claim of prejudice is the idea that the jury would have found him guilty of attempted voluntary manslaughter had the instruction been read in the manner Shelton proposes. However, the jury specifically found that the state proved each element of attempted second-degree murder; therefore, Shelton's prejudice allegation relies solely on the conceptual possibility of a jury pardon. The possibility of a jury pardon, however, cannot establish prejudice under Strickland. See Strickland, 466 U.S. at 694-95 (noting in determining whether prejudice exists, a court should presume the "jury acted according to the law," and "[a]n assessment of the likelihood of a result more favorable to the defendant must exclude the possibility of arbitrariness, whimsy, caprice, 'nullification,' and the like. A defendant has no entitlement to the luck of a lawless decisionmaker, even if a lawless decision cannot be reviewed."); Sanders v. State, 946 So. 2d 953, 959-60 (Fla. 2006) (holding that although the failure to instruct the jury on a necessarily lesser included offense can be per se reversible error on direct appeal, the mere possibility that the jury might have exercised its pardon power "cannot form the basis for a finding of prejudice" to support an ineffective assistance of counsel claim in a postconviction motion). As Shelton cannot demonstrate prejudice, his claim of ineffective assistance of counsel fails. See Ward, 592 F.3d at 1163. Accordingly, relief on Sub-Claim One A is due to be denied.

**Sub-Claims One B-D**

In his remaining three sub-claims of Ground One, Shelton alleges his counsel, Tyler Williams and Deaton, were ineffective for various pre-trial deficiencies. As Sub-Claim One B, Shelton asserts that Williams failed to file a motion to suppress evidence based on an illegal arrest by a municipal officer outside his territorial jurisdiction. Petition

11

at 10-13. Next, Shelton avers in Sub-Claim One C that Deaton, acting as standby counsel, failed to subpoena Officer Chad Ward so Shelton could depose him prior to trial. Id. at 14-16. In Sub-Claim One D, Shelton contends that Deaton was deficient because she did not file a "motion to suppress the charging information" based on allegedly falsified arrest affidavits. Id. at 17-20.

Shelton raised three similar claims in his Amended Rule 3.850 Motion. Resp. Ex. 36 at 17-34. In denying these claims, the circuit court explained:

> On Ground Two, the Defendant claims that Assistant Public Defender (Tyler Williams) fell below the standard of a competent attorney when he failed to suppress the statements of Officer Robert Chayer.
>
> Here, the Court agrees that the second prong of Strickland has not been met. Officer Robert Chayer did not testify at trial and the Defendant was still convicted without Chayer's testimony. The Defendant filed a multitude of pro se suppression Motions that were denied. Ground Two is denied.
>
> On Ground Three, the Defendant asserts that Trial Counsel Deaton, rendered ineffective assistance when she did not subpoena Officer Ward for Trial.
>
> Here, the Court agrees that this claim is refuted by the record as Trial Counsel Deaton did Subpoena Officer Ward. Neither prong of Strickland has been met here. Ground Three is denied.
>
> On Ground Four, the Defendant claims that he was never arrested.
>
> This claim doesn't appear to be an ineffective assistance claim and is it not clear which attorney it is directed at. However, it is clear from a review of the Court file that the Defendant was indeed arrested. Ground Four is denied.

Resp. Ex. 38 at 3-4 (record citations omitted). The Fifth DCA affirmed the denial of these claims without a written opinion. Resp. Exs. 40; 43.

To the extent that the Fifth DCA decided the claims on the merits, the Court will address the claims in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that none of the state court's adjudications of these claims were contrary to clearly established federal law, involved an unreasonable application of clearly established federal law, or were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Shelton is not entitled to relief on the basis of these claims.

Nevertheless, even if the Fifth DCA's adjudications of these claims were not entitled to deference, the claims are meritless. As previously noted above, Shelton proceed pro se throughout a substantial portion of the pre-trial proceedings, including at trial during the presentation of the State's case. Resp. Exs. 6 at 17-18; 8 at 25; Resp. Ex. 15 at 11-12, 180. A defendant has a Sixth Amendment right to self-representation, but once proceeding pro se "a defendant . . . cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" Faretta v. California, 422 U.S. 806, 834 n.46 (1975). In Faretta, the Supreme Court noted that trial courts can appoint standby counsel to assist a pro se defendant. Id. However, there is no constitutional right to standby counsel. See McKaskie v. Wiggins, 465 U.S. 168, 183 (1984) (noting "Faretta does not require a trial judge to permit 'hybrid' representation."). If there is no constitutional right to standby counsel, a petitioner cannot claim standby counsel was ineffective. See United States v. Windsor, 981 F.2d 943, 947 (7th Cir. 1992) (noting "[t]his court knows of no constitutional right to effective assistance of standby counsel."); Behr v. Bell, 665 So. 2d 1055, 1056-57 (Fla. 1996) (quoting Faretta, 422 U.S.

13

at 835 n.46) (holding "a defendant who represents himself has the entire responsibility for his own defense, even if he has standby counsel. Such a defendant cannot thereafter complain that the quality of his defense was a denial of 'effective assistance of counsel.'"); see generally Coleman, 501 U.S. at 752-53 (noting there is no constitutional right to postconviction counsel in state proceedings; therefore, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."); Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (holding that "[s]ince respondent had no constitutional right to counsel [to pursue a discretionary state appeal], he could not be deprived of the effective assistance of counsel.").

In each of these sub-claims, Shelton asserts deficiencies that occurred prior to trial and, therefore, Shelton's claim of ineffective assistance of counsel must fail because Shelton was capable of curing these deficiencies once he represented himself. Shelton had sufficient opportunity once the circuit court permitted him to proceed pro se to file the motions to suppress or subpoena Ward. Indeed, Shelton did file a pro se motion to dismiss based on the police officer's alleged lack of jurisdiction to arrest Shelton. Resp. Ex. 10 at 19-22. Likewise, the circuit court denied Shelton's pro se motion regarding the alleged fabrication of police reports. Resp. Ex. 12 at 12-15. Based on this record, Shelton cannot now "complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" Faretta, 422 U.S. at 834 n.46. Accordingly, in light of the above analysis, relief on Sub-Claims B, C, and D is due to be denied, as is relief on the claims in Ground One as a whole.

## B. Ground Two

Lastly, Shelton contends that the cumulative effect of his trial counsel's errors deprived him of a fair trial. Where all individual claims are meritless, the claim of cumulative error is also without merit. Morris v. Sec'y, Dep't of Corr., 677 F.3d 1117, 1132 (11th Cir. 2012). As the Court has determined Shelton's individual claims of deficient performance are meritless, his claim of cumulative error is likewise meritless. See id. Therefore, relief on the claim in Ground Two is due to be denied.

## VII. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Shelton seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Shelton "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the

petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. If Shelton appeals the denial of the Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of September, 2020.

*MARCIA MORALES HOWARD*
United States District Judge

Jax-8
C:   Stratas Shelton #995272
     Kaylee Danielle Tatman, Esq.